JUSTICE KOONTZ,
dissenting.
I cannot join in the majority opinion in this case. In my view, the record does not support the majority’s holding that the mother here met her burden, under Code § 8.01-217, to demonstrate with satisfactory evidence that the name change is in the best interest of her child and, consequently, that the trial court did not abuse its discretion in granting the name change over the objection of the child’s natural father. Accordingly, I respectfully dissent.
The result reached in this particular case is not, however, the primary reason that prompts my dissent. Rather, I am concerned that the majority opinion will give a degree of credence to assertions in the trial courts in future factually similar cases that this Court no longer strictly adheres to the essential thrust of our prior decisions first in Flowers v. Cain, 218 Va. 234, 237 S.E.2d 111 (1977), and later in Beyah v. Shelton, 231 Va. 432, 344 S.E.2d 909 (1986). Until today, those decisions have stood for the simple proposition that absent “substantial reasons” to the contrary, it is in the best interest of a child to have the natural father’s surname rather than stepfather’s surname. Flowers, 218 Va. at 236, 237 S.E.2d at 113; Beyah, 231 Va. at 434-35, 344 S.E.2d at 911.
Regrettably, the factual background in which this case arose in the trial court, as accurately related in the majority’s factual recitation, is an all too familiar one. More regrettably, similar factual scenarios will undoubtedly occur in the future involving different parties and result in a petition in other cases by a mother to change the surname of her child from a prior marriage to the surname of the mother’s current husband. It is because these circumstances arise so *634 frequently that we have required more than minor inconvenience or embarrassment to the mother and child to authorize a change in the surname of the child over the objection of the natural father. The consistency of that requirement avoids meritless litigation and needless emotional and financial strain upon divorced parents and their children.
In the present case, however, the majority opinion appears to lower the bar. It is not readily apparent that substantial reasons were established to authorize the name change of the child. The child’s expression that “she would feel more a part of her family with whom she resided if she had the last name of [her stepfather]” is not a substantial reason to authorize the name change. Indeed, the majority’s primary focus is upon the father’s failure to call or visit the child for “272 years since the last visit” and it permits the trial court “to place great weight” upon that fact in determining the best interest of the child. Make no mistake; I do not defend this failure of the father regardless of “his job schedule and traveling” upon which the father attempts to justify the failure to have regular contact and visitation with his child. However, standing alone that failure does not constitute a substantial reason, in light of all of the circumstances of this case, to authorize the name change of his child over his objection. The father has not “abandoned his daughter.”
Nevertheless, I dissent in this case because we are not told by the majority whether the same result would obtain whether a father fails to call or visit his child for a period of one year, six months, three months, or even one month although such periods of parental absence surely reflect less than what one would expect from a proper father concerned with the best interest of his child. Thus, in my view, to permit “great weight” to be given to the father’s failure to maintain more appropriate visitation with his child is more in the nature of a punitive reaction to the father’s conduct than an appropriate means to determine whether such conduct amounts to a substantial reason to conclude that a name change is in the best interest of the child. Moreover, such an approach to a determination of the best interest of a child in these cases clouds the clear import of our decisions in Flowers and Beyah and in so doing creates uncertainty where there was certainty in the rights of parents in these regrettable circumstances.
For all these reasons, I would reverse the judgment of the trial court.